IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOWARD BRONS,

    Plaintiff,

  v.            1:14-cv-00864-WSD

UNITED STATES OF AMERICA,

     Defendant.

## OPINION AND ORDER

This matter is before the Court on the United States of America's

("Defendant") Motion to Dismiss [8] Howard Brons's ("Plaintiff") Complaint [1]

for lack of subject-matter jurisdiction, and failure to state a claim upon which relief

can be granted.

## I. BACKGROUND

On March 25, 2014, Plaintiff filed against Defendant a four-count

Complaint, in which he asserted claims for (1) negligent hiring, (2) negligent

retention, (3) respondeat superior, and (4) "[r]espondeat superior two."  In 2011,

Plaintiff was an inmate at the United States Penitentiary in Atlanta, Georgia

("Penitentiary").  Plaintiff alleges that, on September 26, 2011, he was examined

by Dr. Lewis Jackson ("Jackson"), a physician at the Penitentiary, in connection

with psoriasis on Plaintiff's genitalia.  Plaintiff claims that, on October 12, 2011, Jackson asked Plaintiff "if there was any 'redness' when Plaintiff masturbated and [Jackson] began to engage in a sexual act by touching Plaintiff's penis with his hands."  Compl. at ¶ 9.  During this incident, Plaintiff states that Jackson continued to "engage in a sexual act by touching Plaintiff's penis with his mouth and began performing oral sex."  Id. at ¶ 10.  Plaintiff asserts that Jackson sexually assaulted at least two other inmates at the Penitentiary.  Id. at ¶ 13.

On July 25, 2012, Jackson was indicted, in the District of Columbia ("D.C."), for sexually abusing an inmate in November 2008 at the Department of Corrections in D.C.  Id. at ¶ 25.  On January 15, 2013, Jackson pled guilty to those charges.

On August 28, 2012, Jackson was indicted, in the Northern District of Georgia, for making false statements to federal agents, and sexually abusing three inmates at the Penitentiary in October 2011.  On November 26, 2012, Jackson pled guilty to the sexual abuse charges in this Court.  See United States v. Jackson, No. 1:12-cr-00287-AT-AJB (N.D. Ga. 2012).

Based on these alleged facts, Plaintiff claims that, when Defendant hired Jackson sometime before October 12, 2011, Defendant failed to conduct "a cursory background pre-employment and/or post-employment background review of

Dr. Jackson," which, Plaintiff alleges, would have revealed that Jackson "was under prosecution at the time of the acts against [Plaintiff]."  Id. at ¶ 17.  Plaintiff asserts that Defendant breached its duty when it hired Jackson with knowledge that he assaulted an inmate in Washington, D.C., in or about 2008, "prior to his hire date with the United States of America."  Id. at ¶ 24.  Plaintiff alleges that "Dr. Lewis Jackson was a physician at a federal prison in the District of Columbia wherein he violated an inmate by performing a series of sexual acts upon him."  Id. at ¶ 27.  Plaintiff also alleges that "[i]n 2010 Dr. Lewis Jackson was a physician at a federal prison in Atlanta, Ga wherein he violated inmate Julius Leroy Harrison by performing a series of sexual acts upon him."  Id. at ¶ 28.

On June 30, 2014, Defendant moved to dismiss the Complaint on the grounds that the Court does not have subject-matter jurisdiction to address Plaintiff's negligent hiring and negligent retention claims.  Defendant argues that the decisions to hire, supervise and retain employees are "discretionary function[s]" of the United States that are not permitted to be brought under the Federal Tort Claims Act ("FTCA").  Defendant also argues that Plaintiff's respondeat superior claims are required to be dismissed because, under Georgia law, an employer is not vicariously liable for an employee's sexual misconduct when the employee's alleged acts are not within the employee's scope of

employment.  Defendant also asserts that, under Georgia law, an employer cannot be vicariously liable for the negligent acts of its human resources personnel.

## II.    DISCUSSION

### A.    Legal Standard

#### 1.    Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either a "facial" or "factual" attack.  Morrison v. Amway Corp., 323 F.3d 920, 924-25 n.5 (11th Cir. 2003).  In a facial attack on subject-matter jurisdiction, the Amended Complaint's allegations are deemed presumptively truthful, and the "court is required merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction."  Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008) (citations omitted).

Factual attacks challenge subject-matter jurisdiction in fact, irrespective of the pleadings.  Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) (citations omitted).  When resolving a factual attack, the Court may consider extrinsic evidence such as testimony and affidavits.  Id.  In a factual attack, the Court may independently weigh the facts and it is not "constrained to view them in the light most favorable to the

non-movant." Id.  The plaintiff has the burden to prove that jurisdiction exists, including that the discretionary function exception does not apply.  Slappery v. U.S. Army Corps of Engs., 571 F. App'x 855, 856 (11th Cir. 2014).  The plaintiff is required to produce facts that support the existence of subject-matter jurisdiction by a preponderance of the evidence.  Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1242 (11th Cir. 2001).

In evaluating a factual attack, the Court is not required to apply a Rule 56 summary judgment standard unless the jurisdictional basis of a claim is intertwined with the merits of the claim.  Id.  "[J]urisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject-matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."  Morrison, 323 F.3d 926.  Here, jurisdiction is not intertwined with the merits of Plaintiff's claims because the FTCA governs the subject-matter jurisdiction of the Court, and Plaintiff's substantive claims are based on Georgia negligence law.  See Odyssey, 657 F.3d at 1170.  The Court thus applies the Rule 12(b)(1) standard for factual challenges to subject-matter jurisdiction.  Under a Rule 12(b)(1) standard, the Court is not required to view the facts in a light favorable to the plaintiff, or draw all inferences in plaintiff's favor, as it would under Rule 12(b)(6) or Rule 56, and the Court is free to independently weight the

facts.  See Scarfo v. Ginsberg, 175 F. 3d 957, 961 (11th Cir. 1999); see also

Odyssey, 657 F.3d at 1169 (on appeal, district court's determination of facts is

reviewed for clear error).

The Court deems Defendant's Motion a facial and factual attack on the

Complaint.  It is considered a factual attack to the extent the Court was presented

with and considered facts extrinsic to the Complaint, such as the date that Jackson

was indicted in the Northern District of Georgia for sexual abuse.

2.    Motion to Dismiss for Failure to State a Claim

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when,

on the basis of a dispositive issue of law, no construction of the factual allegations

will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty.

Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to

dismiss, the Court accepts the plaintiff's allegations as true and considers the

allegations in the complaint in the light most favorable to the plaintiff.  See

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ.,

495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc.,

187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a

plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d

1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)),

abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —,

132 S. Ct. 1702 (2012).  The Court does not "accept as true a legal conclusion

couched as a factual allegation."  See Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain

"enough facts to state a claim to relief that is plausible on its face."  Twombly,

550 U.S. at 570.[1]

To state a plausible claim for relief, the plaintiff must plead factual content

that "allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more

than a "sheer possibility that a defendant has acted unlawfully," and a complaint

that alleges facts that are "merely consistent with" liability "stops short of the line

between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA,

569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts"

standard has been overruled by Twombly, and a complaint must contain "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its

---

[1] The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

face.").  "A complaint is insufficient if it 'tenders naked assertions devoid of

further factual enhancement.'"  <u>Tropic Ocean Airways, Inc. v. Floyd</u>,

— F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014)

(quoting <u>Iqbal</u>, 556 U.S. at 678).

   "To survive a motion to dismiss, plaintiffs must do more than merely state

legal conclusions; they are required to allege some specific factual bases for those

conclusions or face dismissal of their claims."  <u>Jackson v. BellSouth Telecomms.</u>,

372 F.3d 1250, 1263 (11th Cir. 2004); <u>see also</u> <u>White v. Bank of America, NA</u>,

— F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014)

("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal.") (quoting <u>Oxford Asset Mgmt.</u>,

<u>Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)).[2]

---

[2] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In <u>Twombly</u>, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555.

B.    Analysis

1.    *Negligent Hiring and Retention (Counts I and II)*

The United States, in the FTCA, waives its sovereign immunity from liability for certain negligent acts committed by employees of the United States. Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997).  The United States does not waive its sovereign immunity for claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty." 28 U.S.C. § 2680(a).  In determining if the "discretionary function" exception applies, the Court evaluates whether the federal employee's actions were (1) discretionary in nature, and (2) based on considerations of public policy. Cosby v. U.S. Marshals Service, 520 F. App'x 819, 820 (11th Cir. 2013).  The first prong of the "discretionary function" exception is met unless "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow."  Id. (internal quotation marks and citations omitted).  In the second prong, "the focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  Id.

Courts have consistently held that governmental action regarding employment and termination are an exercise of policy judgment and fall within the

discretionary function exception to the FTCA's waiver of sovereign immunity.[3]
LeRose v. United States, 285 F. App'x 93, 97 (4th Cir. 2008); Sydnes v. United
States, 523 F.3d 1179, 1185-86 (10th Cir. 2008); Bolduc v. United States,
402 F.3d 50, 60-62 (1st Cir. 2005); Burkhart v. Washington Metro. Area Transit
Auth., 112 F.3d 1207, 1217 (D.C. Cir. 1997); Tonelli v. United States,
60 F.3d 492, 496 (8th Cir. 1995).  There is, however, at least in one Circuit, an
exception to this general rule.

     In Tonelli, the Eighth Circuit considered whether the "discretionary
function" exception applied when the United States "fails to act when it had notice
of illegal behavior."  60 F.3d at 496.  The Eighth Circuit observed that "[f]ailure to
act after notice of illegal action does not represent a choice based on plausible
policy considerations," and found that the exception did not apply.  Id.  The Court
concludes that Tonelli is consistent with our Circuit's consideration of the
"discretionary function" exception in other types of cases and its reasoning would
be followed in our Circuit.  The Eight Circuit's reasoning in Tonelli may apply
here because the facts alleged in Plaintiff's Complaint plausibly support that
Defendant knew, or should have known, that Jackson was a sexual predator when
Jackson was hired in 2011.  Jackson is alleged to have sexually assaulted an inmate

---

[3]  The Eleventh Circuit has not addressed this sovereign immunity issue directly.

at a "federal prison in the District of Columbia."  Compl. at ¶ 27.  Plaintiff also
alleges that "[i]n 2010 [] Jackson was a physician at a federal prison in Atlanta Ga
wherein he violated inmate Julius Leroy Harrison by performing a series of sexual
acts upon him."  Id. at ¶ 28.  Plaintiff alleges that Defendant hired Jackson
knowing about a sexual assault by Jackson on an inmate in or about 2008 in D.C.,
and hired, or retained, Jackson knowing about a sexual assault on an inmate, in
2010, in Atlanta.[4]

    These alleged facts, which the Court considers to be true, support at this
stage of the proceedings that the BOP's decision to hire, supervise and retain
Jackson as a medical professional at the Penitentiary may not be protected by the
discretionary function exception if the BOP failed to act after it knew, or had
reason to know, that Jackson, in 2008 and 2010, sexually assaulted inmates in D.C.
and Atlanta.  After committing these alleged sexual assaults on inmates, Jackson
was hired and retained by the Penitentiary in Atlanta.  Three years after the first
alleged sexual assault by Jackson on an inmate, Plaintiff alleges, Jackson sexually
assaulted him while Plaintiff was an inmate at the Penitentiary.  Whether these

---

[4]  Jackson's alleged sexual abuse of an inmate in D.C. occurred before he was
hired at the Penitentiary in Atlanta.  Even if the 2010 Atlanta incident occurred at
the same federal prison at which Plaintiff alleges he was assaulted and after
Jackson was hired, the Court finds that the 2008 incident at the federal institution
in D.C. is sufficient to invoke the reasoning and application of Torelli.

prior sexual assaults in D.C. and Atlanta were known, or should have been known, to the Government before it hired or retained Jackson at the Penitentiary is a disputed issue of fact.  In considering Defendant's Motion to Dismiss as a facial and factual attack on the Complaint, the Court finds that the Complaint contains plausible allegations that Defendant may have acted negligently in hiring and retaining Jackson at the Penitentiary.  If the facts show that Defendant knew, or had reason to know, that Jackson was a sexual predator, it is possible that Defendant is not entitled to the rely on the "discretionary function" exception to the FTCA.  Defendant's Motion to Dismiss Plaintiff's claims for negligent hiring and negligent retention is denied.

2. *Respondeat Superior Liability for Jackson's Conduct (Count III)*

Count III of the Complaint alleges that Defendant is vicariously liable for Jackson's sexual misconduct at the Penitentiary.  Under the FTCA, Defendant waives its sovereign immunity for

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

12

28 U.S.C. § 1346(b).  Georgia law thus determines whether Plaintiff can state a respondeat superior claim against the United States based on the October 12, 2011, sexual assault, alleged to have occurred in Georgia.  See Bennett v. United States, 102 F.3d 486, 489 (11th Cir. 1996).

In Georgia, an employer is liable for torts committed by its employee if the employee acted (1) within the scope of the employer's business, and (2) in furtherance of the employer's business.  Piedmont Hospital, Inc. v. Palladino, 580 S.E.2d 215, 217 (Ga. 2003).  An employer is not liable for a tortious act committed by an employee "for purely personal reasons disconnected from the authorized business of the [employer]."  Id. (internal quotation marks and citations omitted).

In Palladino, an employee of Piedmont Hospital ("Piedmont") was authorized to "check the plaintiff's groin area for any bleeding or complications, clean the area, and, if necessary, move [the plaintiff's] testicles in order to perform these tasks."  Id. at 216.  Piedmont's employee allegedly rubbed the plaintiff's penis with both hands, and placed his mouth near the penis.  Id.  The Georgia Supreme Court held that the employee's acts "(1) were committed for purely personal reasons associated solely with [the employee's] own gratification, and (2) were entirely disconnected from the scope of [his] employment with Piedmont []."  Id. at 217.  The Georgia Supreme Court also held that the

employee's actions were not in furtherance of Piedmont's business because the employee was not authorized to sexually stimulate the plaintiff's genitals.  Id. at 218.

Jackson's alleged sexual assault on Plaintiff was outside the scope of his employment with the BOP because he committed the acts for his own sexual gratification.  Jackson's actions also were not in furtherance of the BOP's business because he was not authorized to sexually stimulate Plaintiff's genitalia with his hands or his mouth.  Count III of the Complaint is required to be dismissed.

### 3. *Respondeat Superior Liability for Alleged Human Resources Negligence (Count IV)*

Count IV of the Complaint asserts a claim against Defendant for the alleged negligence of human resources ("HR") personnel in failing to "monitor, supervise and evaluate the work" of Jackson.  Plaintiff contends that Defendant "is responsible for the actions of those employees that research, evaluate and investigate the background of such employees like [Jackson] and/or monitor, supervise, and evaluate [Jackson] while an employee at the [Penitentiary]."  Compl. at ¶ 36.

Defendant argues that, under Georgia law, an employer cannot be vicariously liable for the negligent acts of its HR personnel.  Defendant's argument is based on a misinterpretation of a footnote in Doe v. Fulton-DeKalb Hosp. Auth.,

628 F.3d 1325, 1335 n.25 (11th Cir. 2010).  In footnote 25, the Eleventh Circuit expressed doubt whether Georgia law allows a plaintiff to hold an individual employee in an HR department liable as a joint tort-feasor for the alleged negligence of an employee hired and vetted by the HR department.  Id.  In the same footnote, the Eleventh Circuit notes that it did not question the well-established principle that, under Georgia law, "negligence of an employee may expose an *employer* to liability under the theory of respondeat superior."  Id.

Here, Plaintiff does not seek to impose liability on individual HR personnel. Plaintiff claims that Defendant—as the employer of Jackson and HR personnel—is liable, under a respondeat superior theory, for the negligence of its HR personnel in selecting and retaining Jackson at the Penitentiary.  Because it is alleged that Jackson sexually assaulted an inmate in D.C. in 2008 and in Atlanta in 2010, and was hired and retained by the Penitentiary despite committing sexual misconduct in the past, the Complaint asserts a plausible respondeat superior claim against Defendant for the alleged negligence of its HR personnel in selecting and retaining Jackson.  Defendant's Motion to Dismiss Count IV of the Complaint is denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [8] is

**GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** with respect to Plaintiff's respondeat superior claim, based on Jackson's conduct, in Count III.  It is **DENIED** with respect to Defendant's argument that the Court lacks subject-matter jurisdiction over Plaintiff's negligent hiring and negligent retention claims in Counts I and II, and Plaintiff's respondeat superior claim, based on alleged human resources negligence, in Count IV.

**SO ORDERED** this 12th day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE